## Inland Bonding Company v. Kaufmann

*Hughes, McAlister & Zelt*, for plaintiff.
*David H. Weiner*, for defendant.

HUGHES, J., May 23, 1936.—The Inland Bonding Company brought an action against the defendant to recover attorney fees paid to attorneys by the Inland Bonding

Company for services rendered at a hearing of the Court of Quarter Sessions of Washington County on January 4, 1935.

On May 9, 1934, Nat Kaufmann was the owner of a restaurant on Highland Avenue, Washington, Pennsylvania, and filed an application with the Pennsylvania Liquor Control Board for a retail liquor license. At the same time he filed a written application with the Inland Bonding Company for a surety bond in the amount of $2,000, which bond he was required to file in order to obtain his liquor license. The application for surety bond contained the following indemnifying agreement:

"To comply with all the conditions established by said company for its own protection, and to indemnify and keep indemnified the said company from and against any and all losses, costs, charges, suits, damages, counsel fees and expenses of whatever kind and nature which said company shall or may, for any cause, at any time, sustain, or incur, or be put to, for or by reason or in consequence of said company having entered into or executed said bond."

In pursuance of the application of Nat Kaufmann, the surety bond was issued in the sum of $2,000 and filed with the Pennsylvania Liquor Control Board, and subsequent thereto a retail liquor license was issued to Nat Kaufmann.

On November 21, 1934, the Attorney General of the Commonwealth of Pennsylvania filed a petition with the Court of Quarter Sessions of Washington County, asking for a rule to show cause why the liquor license of Nat Kaufmann should not be revoked, and on November 27, 1934, this rule was granted by the court, returnable to December 8, 1934.

On January 4, 1935, at the commencement of the hearing, the Inland Bonding Company engaged counsel to represent their interests in the revocation proceedings, as the Act of November 29, 1933, P. L. 15, causes the forfeiture of the surety bond accompanying the liquor license if the

license is revoked. At the hearing counsel for the Inland Bonding Company prepared and filed a demurrer to the revocation proceedings and participated in the disposition of the case of Commonwealth of Pennsylvania, ex rel., v. Nat Kaufmann, heretofore referred to. Counsel for the Inland Bonding Company presented a bill to them for $250, which amount the company paid to their attorneys and, for reimbursement for that, made demand upon Nat Kaufmann, who has refused to pay the same. It is averred that the fees charged for the services were reasonable.

The defendant demurred to the foregoing facts, which were set forth in the plaintiff's statement of claim, claiming that no liability was incurred by the plaintiff under this bond for which the defendant would be liable, and, not suffering any loss or damage under the terms of their contract, it should not properly charge the defendant with the responsibility for these attorney fees.

The bonding company has incurred these counsel fees "in consequence of said company having entered into or executed said bond". Had they not entered into this obligation under their agreement with Nat Kaufmann, it would not have been necessary for them to have been in court to prevent a revocation of the license of Nat Kaufmann. If they had stood idly by and a revocation had occurred, it would have been too late then for them to have done anything to have avoided liability on this bond. The surety can recover for attorney fees paid by him in defending his suit if the defense is in good faith in the exercise of reasonable judgment, or if the litigation was advantageous to the principal, "as by procuring the remission of a forfeiture of a bail bond": 50 C. J. 276. Since the result has been in relief of the principal, the latter should in law, as well as in good conscience, repay the expenses which have been so much to his advantage: Abeles v. Mitchell, 8 W. N. C. 105, 13 Phila. 81.

The defendant contends that the bonding company should have done nothing until they had become liable by a forfeiture of the bond. A surety would be derelict in his

own behalf if he sat by and permitted liability on the bond to be incurred when, by participating in the case, he might succeed in avoiding a forfeiture. Especially is this true in this case, where the language of the application for the bond is sufficiently broad, so that the intention of the parties clearly appears that under their contract the bonding company may do any bona fide act that would assist in avoiding or reducing the liability on the bond. The defendant agrees "To comply with all the conditions established by said company for its own protection", as well as "to indemnify and keep indemnified the said company from . . . any and all losses . . . counsel fees . . . in consequence of said company having entered into or executed said bond".

We believe, therefore, that the claim of the plaintiff is well founded.

And now, May 23, 1936, the demurrer is overruled and the defendant is allowed 15 days within which to file an affidavit of defense.